1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUDOLPH LUCERO,                          Case No.   1:19-cv-00829-AWI-JDP

12                  Petitioner,               FINDINGS AND RECOMMENDATION
                                              THAT COURT DISMISS PETITION FOR
13        v.                                  WRIT OF HABEAS CORPUS AT
                                              SCREENING
14   G. PUENTES,
                                              ECF No. 1
15                  Respondent.

16

17        Petitioner Rudolph Lucero, a federal prisoner without counsel, seeks a writ of habeas

18   corpus under 28 U.S.C. § 2241.  ECF No. 1.  On November 23, 1998, petitioner was convicted of

19   drug possession with intent to distribute and use of a firearm in relation to drug trafficking.  *See*

20   ECF No. 1 at 13.  Petitioner was sentenced to 365 months on the drug charge and 60 months on

21   the firearm charge.  The sentencing judge determined that the terms of incarceration would be

22   served consecutively, for a total of 425 months—over 35 years.  Petitioner has served more than

23   21 years of his sentence.  *See* ECF No. 1 at 19.  In his habeas petition, he argues (1) that the

24   evidence at trial was insufficient for his conviction on the use of a firearm count, and (2) that his

25   mandatory minimum sentence was wrongfully increased when he was made to serve the term of

26   incarceration associated with his drug conviction before that associated with his firearm

27   conviction.  *See* ECF No. 1 at 2.

28

                                              1

Petitioner's first claim fails because he did not file the claim under the correct statute or in a timely manner. His second claim is meritless. I recommend that the petition be dismissed at screening.

**Discussion**

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, it plainly appears that petitioner is not entitled to relief.

First, petitioner argues that he should not have been convicted of firearm use because the evidence at trial was insufficient. Specifically, he argues that there was "obvious court error" at trial because the gun involved in his case was not "test fired, tied to [p]etitioner, nor declared anything but the antique piece of art that it was." ECF No. 7. This is a challenge to deficiencies in the trial court proceedings—a sort of challenge that cannot be raised in a section 2241 petition. A section 2241 petition allows a federal prisoner to challenge the manner of execution of his sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). It does not permit a challenge to the legality of his conviction; such a challenge must be brought under 28 U.S.C. § 2255. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (order) (stating that a section 2255 motion is used for federal prisoners challenging the legality of a conviction). Petitioner's claim would thus need to be brought under § 2255.

However, petitioner has missed his chance to bring a § 2255 petition. Absent rare circumstances, such a petition must be brought within one year of the date when the conviction becomes final—a strict time limit that does not apply to petitions under section 2241. Petitioner's conviction became final more than 20 years ago, and so he is nowhere near meeting the deadline for a § 2255 petition. [1] He cannot refile under that section, and he would not be helped if we were

---

[1] The limitations period of section 2255(f) may be extended to one year from the removal of an impediment to making a motion created by governmental action, one year from the recognition of a new right by the Supreme Court that is applicable to the case, or one year from the date on which facts supporting the claim could have been discovered through due diligence. Here, absent

to construe his § 2241 claim as having been brought under § 2255. His insufficient evidence claim should be dismissed.[2]

Second, petitioner argues that the order in which he is serving the components of his sentence is improper. *See* ECF No. 1 at 6. Currently, he is serving 365 months for possession with intent to distribute, to be followed by 60 months for use of a firearm in relation to drug trafficking. ECF No. 1 at 13. Petitioner contends that the judgment ordering him to serve the term of incarceration for his drug conviction before the term imposed for his firearm conviction increased his mandatory minimum sentence. ECF No. 6.

Petitioner is wrong. He relies on cases in which defendants have been convicted of multiple violations of 18 U.S.C. § 924(c)—firearms crimes—in the same verdict. *See United States v. Major*, 676 F.3d 803, 812 (9th Cir. 2012). In such cases, one of the convictions is treated as the first conviction, and the remaining conviction or convictions are treated as "second or subsequent" convictions. *Deal v. United States*, 508 U.S. 129, 132 (1993). Under § 924(c)(1)(C), first convictions are subject to varying minimum terms of incarceration, while second convictions are subject to a twenty-five year minimum. As a result, the order in which terms of incarceration are calculated under § 924(c) can affect the mandatory minimum sentence.[3] *Major*, 676 F.3d at 812.

_____

a showing that one of these situations exists, the statute of limitations ran on November 23, 1999—one year after the judgment became final.

[2] Even if petitioner had filed under the correct statute and in a timely manner, his claim would likely have failed on the merits. Petitioner claims that the antique gun exception should apply to his conviction for firearm use. The antique gun exception is a narrowly-tailored exception for collectors of either guns manufactured before 1898 or replicas of the same. *See* 18 U.S.C. § 921(a)(16)(A-C). Petitioner has neither claimed that he is an antique gun collector nor that the gun in question was manufactured before 1898 or a replica.

[3] For example, consider a defendant convicted of (1) brandishing a firearm and (2) discharging a firearm—both in the course of a crime of violence. A first conviction for brandishing a firearm carries a seven-year mandatory minimum term of incarceration and a first conviction for discharging a firearm carries a mandatory ten-year minimum term—while a second or subsequent conviction of either crime carries a 25-year minimum. 18 U.S.C. § 924(c)(1)(A)(ii-iii). If the sentencing judge calculates the term for brandishing before that for discharging, the defendant will be sentenced to at least seven years for the first conviction of brandishing and at least twenty-five years for the second conviction of discharging, for a total minimum of thirty-two years. On the other hand, if the sentencing judge places discharging before brandishing, the defendant will be sentenced to at least ten years for discharging, followed by at least twenty-five years for

1

2 However, petitioner's situation is different. Petitioner has been convicted of one count of

3 firearm possession under § 924(c) and one count of drug possession under 21 U.S.C. § 841(a)(1).

4 I find no support for petitioner's argument that the order of the terms of incarceration associated

5 with these convictions affects the mandatory minimum. Regardless of the order of his sentence

6 components, defendant faced a five-year minimum under § 924(c)(1)(a)(i), to be served

7 consecutively with any other incarceration component of his sentence. *See Abbott v. United*

8 *States*, 562 U.S. 8, 13 (2010) ("[A] defendant is subject to a mandatory, consecutive sentence for

9 a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher

10 mandatory minimum on a different count of conviction."). Therefore, petitioner's argument lacks

11 merit and should be dismissed.

12 Given the defects identified above, petitioner cannot proceed beyond screening. I

13 recommend that the court dismiss the petition.

14 **Certificate of Appealability**

15 A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

16 court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253;

17 *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases

18 requires a district court to issue or deny a certificate of appealability when entering a final order

19 adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

20 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes

21 "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

22 standard requires the petitioner to show that "jurists of reason could disagree with the district

23 court's resolution of his constitutional claims or that jurists could conclude the issues presented

24 are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack*

25 *v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the

26

27 brandishing, for a total minimum of thirty-five years. In these scenarios, the ordering of sentence
components matters, and "convictions should be ordered to minimize the mandatory minimum
sentence." *United States v. Major*, 676 F.3d 803, 814 (9th Cir. 2012); *see also United States v.*
28 *Washington,* 714 F.3d 962 (6th Cir. 2014).

1 absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

2       Reasonable jurists would not disagree with our conclusion or find that the case should

3 proceed further.  Thus, the court should decline to issue a certificate of appealability.

4 **Findings and recommendations**

5       I recommend that the court dismiss the case at screening and decline to issue a certificate

6 of appealability.  ECF No. 1.

7       Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the

8 United States District Court, Eastern District of California, these findings and recommendations

9 are submitted to the United States District Court Judge who presides over this case.  Within

10 fourteen days of the service of the findings and recommendations, any party may file written

11 objections to the findings and recommendations with the court and serve a copy on all parties.

12 That document must be captioned "Objections to Magistrate Judge's Findings and

13 Recommendations."  The presiding District Judge will then review the findings and

14 recommendations under 28 U.S.C. § 636(b)(1)(C).

15

16 IT IS SO ORDERED.

17

18 Dated:    November 7, 2019   

18                               UNITED STATES MAGISTRATE JUDGE

19

20

21       No. 206.

22

23

24

25

26

27

28